IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DONNA DENISE CLARKSON,<br><br>*Defendant.* | Case No. CR-21-41-RAW |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SENTENCING VARIANCE

COMES NOW the United States of America, by and through Christopher J. Wilson, Acting United States Attorney for the Eastern District of Oklahoma, and Clay A. Compton, Assistant United States Attorney, and provides this response in support of Donna Denise Clarkson's (Defendant) Motion for Sentencing Variance (Doc. 16). A downward variance as determined by the court and full restitution as provided in the Plea Agreement, is reasonable upon consideration of the factors identified in 18 U.S.C. § 3553(a).

### BACKGROUND

**The offense conduct and procedural history**

On October 2, 2018, Defendant was confronted by Special Agents from the Internal Revenue Service (IRS) regarding tax return information for her business who notified Defendant that she was the target of an IRS investigation. Defendant agreed to speak with them, admitted her criminal conduct, and provided a list of her businesses and assets. Additionally, Defendant immediately provided the IRS lead case agent with her QuickBooks files and tax returns. This eliminated the case agent's need to perform additional significant work in the case. Thereafter,

1

Defendant entered into a pre-indictment plea agreement with the Government, which allowed the Government to resolve the case without the need to present an Indictment to the grand jury and entered a guilty plea to an Information. Her advisory Guidelines calculation is 37 to 46 months imprisonment, based on an offense level 21 and a Criminal History category I. Since the applicable range is within Zone D, Defendant in ineligible for probation, unless the Court grants a variance.

Given the facts and findings contained in the PSR, coupled with Defendant's early acceptance of responsibility and pre-indictment plea, the Government agrees that a downward variance is reasonable and appropriate in this instance.

## ARGUMENT AND AUTHORITIES

**The factors identified in 18 U.S.C. § 3553(a) warrant a variance**

**1.    Authorities**

At sentencing, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 125 S.Ct. 738, 767 (2005). Under *Booker*, the district court will continue to consider the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 764.

18 U.S.C. § 3553(a) provides, in part:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;


>   **(B)** to afford adequate deterrence to criminal conduct;
>   **(C)** to protect the public from further crimes of the defendant; and
>   **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . .
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . .

The district court, after giving both parties an opportunity to argue for a sentence they deem appropriate, should then consider the factors identified in 18 U.S.C. §3553(a) in crafting a sentence. *Gall v. United States*, 128 S.Ct. 586, 596 (2007).

**2.    Analysis**

The nature and circumstances of the offense, characteristics of Defendant, and the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment and to protect the public, as contemplated in 18 U.S.C. § 3553(a)(1) and (a)(2), indicate that a downward variance is appropriate in this case.

Defendant is a first-time offender with no prior arrests, she is currently employed, and has indicated a commitment to paying restitution. Further, she has cooperated fully with the investigation of her criminal conduct to include admitting her guilt upon being confronted by IRS agents and providing these agents with significant evidence of her own guilt, alleviating them from performing any significant research and analysis to build a case. She also pled guilty pursuant to an Information and Plea Agreement without requiring the Government to present testimony before the Grand Jury, allowing the Government to expend resources in other areas. Thus, a sentence based upon a downward variance as determined by the Court would fulfill the sentencing requirements of 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons stated, a downward variance as determined by the court and full restitution as provided in the Plea Agreement, is an appropriate sentence given Defendant's criminal conduct, history, and acceptance of responsibility.   Such a sentence reflects just punishment in this case.

Respectfully submitted,

CHRISTOPHER J. WILSON
Acting United States Attorney

s/    Clay A. Compton
CLAY A. COMPTON, OBA #19781
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
Telephone: (918) 684-5100
e-mail: clay.compton@usdoj.gov

## CERTIFICATE OF SERVICE

I, hereby certify that on December 13, 2021, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.   Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Thomas M. Wright

s/    Clay A. Compton
CLAY A. COMPTON
Assistant United States Attorney